VENABLE LLP
Douglas C. Emhoff (SBN 151049)
dcemhoff@venable.com
Daniel Chammas (SBN 204825)
dchammas@venable.com
Jennifer Levin (SBN 252420)
jlevin@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Defendants
BPI SPORTS LLC, BPI SPORTS HOLDING, INC.,
BPI SPORTS HOLDING LLC,
BRAIN PHARMA LLC, BRAIN PHARMA II LLC,
DEREK ETTINGER, JAMES GRAGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DISTRICT

CV11-10532 JHN (PJWx)

| | |
|---|---|
| CLINT ESKENAZI and CAMDEN BRADY, individually, and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>BPI SPORTS LLC, a Florida limited liability company; BPI SPORTS HOLDING, INC., a Florida Corporation, BPI SPORTS HOLDINGS LLC, a Florida limited liability company; BRIAN PHARMA LLC, a Florida limited liability company; BRAIN PHARMA II LLC, Florida limited liability company; DEREK ETTINGER, and individual; JAMES GRAGE, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DECLARATION OF DEREK ETTINGER IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIIFORNIA PURSUANT TO 28 U.S.C. 1332** |

I, Derek Ettinger, declare as follows:

1. I am Chief Executive Officer of BPI Sports, LLC, BPI Sports Holdings, Inc., BPI Sports Holdings, LLC, Brain Pharma, LLC (erroneously sued as Brian Pharma, LLC), Brain Pharma II, LLC (erroneously sued as Brian Pharma II, LLC) (collectively, "Defendants"). I make this declaration in support of the Notice of Removal of the above captioned case to the United States District Court for the Central District of California. The facts stated herein are known to me based on my personal knowledge and experience, a review of the business records of Defendants, and interviews with employees of Defendants. If called to testify as to the matters herein stated, I could and would competently testify thereto.

2. I have professional and management responsibilities that include overseeing matters related to the advertising, distribution and sale of 1.M.R. powder and tablets, RoxyLean ECA and Rx6 (the "Products").

3. I have reviewed sales data available with regard to the sales of the Products in California from the time sales in California commenced within the four years prior to the filing of this lawsuit. I have also reviewed information available with regard to retailers selling the Products in California. The retail sales of the Products in California within the four years prior to the filing of this lawsuit is in excess of $2,700,000.

4. Assuming the rate of retail sales is consistent with current sales, retail sales between the present and June 2013 in California will be in excess of $6,000,000.

5. I have also been asked to provide an estimate of the cost of complying with an order enjoining the use of current Product labeling, packaging and advertising relating to the Products, which includes statements challenged in the Complaint filed in this case including statements made in magazine advertising.

6. I have overseen product recalls in the past. I am familiar with the costs associated with each step in the recall process. Such steps include retrieval,

1. handling and disposal of the subject products.

7. An order enjoining the use of current Product labeling and packaging would require Defendants to recall the Products in distribution and at retail locations in California. At any given time, approximately 12 weeks worth of Product is in the distribution chain. At a minimum, an injunction requiring Defendants to recall the Products, including costs associated with the retrieval, handling, disposal and lost product, would be at least $3,450,000. This figure does not include the cost of replacement product.

8. An order enjoining the use of current Product labeling and packaging would also require Defendants to rework all labeling and packaging for all of the Products. Based on my experience overseeing the labeling and packaging of the Products, it would cost no less than $525,000 to rework all such labeling and packaging.

9. Additionally, the value of current labeling and packaging inventory that could no longer be used is $20,000.

10. Based on my experience shipping the Products to the marketplace, it would cost no less than $225,000 to ship the re-labeled Products back into the market and pay associated restocking fees.

11. Such an order would also require a revision of other Product advertising, including magazine advertising. Based on my experience overseeing marketing revisions, the cost associated with revising the content of the magazine advertising is, at a minimum, $250,000.

12. The corporate Defendants are Florida entities with their principal place of business in Hollywood, Florida.

13. I reside in Florida.

14. James Grage also resides in Florida.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on December 20, 2011, in Hollywood, Florida.

*Derek Ettinger*